# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DIAZ, | CASE NO. 1:13-cv-00453-SKO PC |
| Plaintiff, | ORDER STRIKING AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINTS |
| v. | (Docs. 4-7) |
| WARDEN RALPH DIAZ, et al., | |
| Defendants. | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, AND REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| | (Doc. 1) |
| _____/ | THIRTY-DAY DEADLINE |

## Screening Order and Order to Show Cause

### I.    Amended and Supplemental Complaints

Plaintiff Miguel Diaz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 21, 2013.  On April 5, 2013, April 11, 2013, and April 29, 2013, Plaintiff filed supplemental complaints, and on April 25, 2013, Plaintiff filed an amended complaint.

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  However, a motion seeking relief from the Court must "state with particularity the grounds for seeking the order."  Fed. R. Civ. P. 7(b)(1)(B).

In this case, Plaintiff did not file any motions seeking leave to supplement and it is an abuse of process for Plaintiff to pepper the Court, under the guise of supplementing, with what amount to updates every time a new negative interaction with staff occurs.  Given Plaintiff's failure to seek leave to supplement, his supplemental complaints shall be stricken from the record.

1    In contrast, an amended complaint supercedes the original complaint, *Lacey v. Maricopa*

2    *County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without

3    reference to the prior or superceded pleading," Local Rule 220.  Plaintiff's amended complaint,

4    however, is not complete within itself and instead it merely refers to the previously-filed original

5    complaint and supplemental complaints, adds an exhibit, and includes a prayer for relief.  Because

6    the amended complaint is not complete within itself, it shall be stricken from the record and the

7    Court shall screen the original complaint.

8    **II.    Original Complaint**

9        **A.    Screening Requirement and Standard**

10       The Court is required to screen complaints brought by prisoners seeking relief against a

11   governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

12   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

13   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

14   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

15   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

16   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

17   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

18       A complaint must contain "a short and plain statement of the claim showing that the pleader

19   is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

20   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

21   do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic*

22   *Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

23   indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)

24   (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

25   conclusions are not.  *Iqbal*, 556 U.S. at 678.

26       Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt

27   resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*,

28   627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive

screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.   Claim Against Defendant Root

#### 1.   Allegations

Plaintiff alleges that on March 13, 2013, Defendant Root told Plaintiff that because he was being sued, Plaintiff would no longer be allowed the reasonable accommodation permitted by the prior ADA coordinator.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

If Defendant Root took adverse action against Plaintiff because he was pursuing a lawsuit, Plaintiff may be able to state a viable claim for violation of the First Amendment. However, Plaintiff's very conclusory allegation falls short of stating a claim because the action taken against Plaintiff is only vaguely described at best, leaving unclear what harm occurred, and Plaintiff has not alleged any facts indicating that the action was taken in the absence of any legitimate correctional goal. *Watison*, 668 F.3d at 1114-15. Plaintiff will be permitted to amend.

#### 2.   Exhaustion

The second issue with Plaintiff's claim is that he submitted this action for filing a mere five days after the event in question, making it virtually impossible for him to have exhausted the prison's inmate appeals process prior to filing suit.

///

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Assuming Plaintiff filed an inmate appeal on March 13, 2013, which would have been the earliest date possible, prison officials had thirty working days to respond to the appeal. Cal. Code Regs., tit. 15 § 3084.8(c)(1). It does not appear possible for Plaintiff to have properly exhausted the necessary levels of review and thereafter filed suit. Therefore, Plaintiff is required to show cause why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit.

### C.    Claims Against Other Defendants

Plaintiff also alleges that on March 18, 2013, the date he submitted his complaint for filing, Defendant Gallagher threatened him with disciplinary charges. This claim is subject to the same concern addressed above regarding exhaustion.

In addition, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).

Plaintiff's claim against Defendant Gallagher does not, on its face, appear related to his claim against Defendant Root and in the absence of proper joinder, Plaintiff may not pursue the claim in this action.

Plaintiff also mentions Lt. Morales and "AGPA Heck." It is not clear if these individuals are intended to be defendants in this suit or are defendants in another suit.[1] It is Plaintiff's duty to set forth the facts giving rise to the claims in this action and he may not proceed with the same claims in multiple suits. Furthermore, any claims in addition to the one against Defendant Root are subject to the rules on joinder previously set forth.

Given Plaintiff's conclusory allegations and confusing delineation of events, Plaintiff will be provided with the opportunity to file an amended complaint curing the deficiencies in his claim against Defendant Root and setting forth any additional claims he believes are properly joined, so long as those claims are not subject to another pending lawsuit.

**III.    Order**

For the reasons set forth herein, the Court HEREBY ORDERS as follows:

1.    Plaintiff's supplemental complaints and amended complaint are STRICKEN from the record;

2.    Plaintiff's original complaint, filed on March 21, 2013, is dismissed, with leave to amend; and

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint <u>and</u> show cause why this action should not be dismissed for failure to exhaust prior to filing suit.

IT IS SO ORDERED.

Dated:    **June 4, 2013**                    **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff did not use a form complaint. While he is not required to do so, the fact that his complaint consists only of a statement of facts is largely the cause of the confusion regarding claims and parties.

5